**NOT FOR PUBLICATION**

APR 10 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVA GEORGIEV EVLOGIEVA,<br><br>         Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>         Respondent. | No. 08-72260<br><br>Agency Nos. A99-059-937<br>              A99-059-938<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2013[**]
San Francisco, California

Before: WALLACE and IKUTA, Circuit Judges, and GARBIS, Senior District Judge.[***]

Iva Georgiev Evlogieva and Emil Yasenov Tsonev petition for review of the

Board of Immigration Appeals' ("BIA") order dismissing their appeals from an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

Immigration Judge's ("IJ") denial of their consolidated applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The BIA affirmed the IJ's finding that Evlogieva failed to meet her burden of proof to establish status as a refugee because she failed to provide corroborating evidence to substantiate her claim of being Roma. Evlogieva asserts that the IJ erred by requiring corroboration without making an adverse credibility determination. Under the REAL ID Act, the IJ need not make an adverse credibility determination to require corroboration to support Evlogieva's application. *See Aden v. Holder*, 589 F.3d 1040, 1044 (9th Cir. 2009) (quoting 8 U.S.C. § 1158(b)(1)(B)(ii): "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.").

We may not reverse the "agency's determination concerning the availability of corroborative evidence" unless "a reasonable trier of fact would be compelled to conclude that such corroborating evidence is unavailable." *Shrestha v. Holder*, 590 F.3d 1034, 1047-48 (9th Cir. 2010). Because Evlogieva failed to provide the

requested corroboration, her asylum and withholding of removal claims fail.  *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000) (stating that a failure to satisfy the lesser standard for a grant of asylum necessarily results in a failure to demonstrate eligibility for withholding of removal).

Evlogieva further asserts that the IJ erred by not considering the country report evidence regarding police abuse and torture of Roma individuals and properly analyzing her CAT claim before rejecting it.  A duty to discuss specific evidence may arise when the evidence is "highly probative or potentially dispositive." *Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011).  However, since the IJ determined that Evlogieva failed to establish that she is Roma, the country report evidence is not probative or dispositive of Evlogieva's CAT claim.

Because substantial evidence supports the IJ's finding that Evlogieva failed to show that she "'more likely than not . . . would be tortured if removed to the proposed country of removal,'" *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001) (quoting 8 C.F.R. § 208.16(c)(2)), Evlogieva's claim for CAT protection also fails.

**PETITION DENIED.**